OPINION
Defendant-appellant Jameel Haamid appeals from his convictions, subsequent to a plea of guilty, for robbery in violation of R.C. 2911.02; felonious assault in violation of R.C.2903.11; failure to comply with an order or signal of a police officer in violation of R.C. 2921.33.1; and, two counts of assault on a police officer in violation of R.C. 2903.13. At the time of these offenses, the appellant was on community control sanctions for having committed the offense of domestic violence. At sentencing, the trial court imposed the original six-month sentence for domestic violence. In addition, the appellant received a term of incarceration of eight years for felonious assault; eighteen months for failure to comply with an order or signal of a police officer; and seven years for robbery. These three sentences were imposed consecutively. The appellant was sentenced to a term of incarceration of six months for each count of assault on a police officer, to be served concurrently.
The statement given by the appellant's attorney at the time of sentencing indicates that the appellant was intoxicated, went to a local drug store, and stole a purse from a woman. The record reveals that after the appellant stole the purse, he entered a vehicle and fled. Upon being commanded to stop, the appellant accelerated his vehicle into a police officer who was a pedestrian at the time. The appellant thereafter rammed into a police cruiser with his vehicle. The robbery victim and the three police officers who were the appellant's victims each spoke to the court at the sentencing. The appellant expressed his remorse and his counsel placed before the court mitigating circumstances.
The trial court indicated that as to the charge of robbery, it "reviewed all the factors set forth in Senate Bill 2, prior convictions of this [appellant], the seriousness of the crime, the factors which clearly denote recidivism to be likely, the seriousness, the attack on a total stranger in daylight when she's going about her — I believe she was going to Revco. . . . All of those leads this Court to believe that the proper sentence in this case is seven years in Lorain Correctional Institute." (T. 18-19). The court then considered the remaining charges and specifically noted that the charge of failure to comply with an order or signal from a police officer is "one of the most serious offenses in our community today, especially the Court takes note of the recent deaths surrounding people who failed to comply with law enforcement signals and orders, 18 months consecutive (sic) Count 1." (T. 19). After imposing the sentence on the remaining charges without specific comment, the court ended the hearing by stating "That should give you then, Mr. Haamid, another 15 or so, 16 years or so to remain sober." (T. 20). In its journal entries the court found prison to be consistent with the purposes of R.C. 2929.11.
The appellant asserts three assignments of error.
The appellant's first assignment of error:
 THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE AND CONSECUTIVE SENTENCES WAS EXCESSIVE AND CONTRARY TO THE PROVISIONS OF OHIO REVISED CODE SECTIONS 2929.12, 2929.13, AND 2929.14.
The appellant asserts that the trial court failed to follow the dictates of R.C. 2929.19 and R.C. 2929.14 when it neglected to place its reasons on the record for the imposition of the maximum sentences on the crimes of felonious assault and failure to comply with an order or signal of a police officer. The appellant also asserts that it was reversible error for the court to impose consecutive sentences. The appellant also asserts that the crimes he committed were not the worst forms of the offenses. The state does not assert that the court was not required to place its reasoning on the record, but rather argues only that the record demonstrates that the court did consider the necessary factors as required under the statute.
Turning to the issue of maximum sentences, this court notes that R.C. 2929.14 (C) states:
 (C) . . . the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section.
R.C. 2929.19(B)(2)(d) states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
The Ohio Supreme Court's recent case, State v. Edmonson
(1999), 86 Ohio St.3d 324 is instructive. Edmonson was convicted of one count of aggravated robbery, and although it was his first offense, the trial court imposed the maximum sentence. The Supreme Court determined that, pursuant to R.C. 2929.14 (B), it must be clear from the record that the trial court considered imposing a minimum sentence and then decided to depart from the mandated minimum based upon one or both of the permitted reasons. Id.
In addition to considering the procedure for imposing a sentence greater than the minimum for a first offense, the Edmonson
court went on to consider the procedure for imposing a maximum sentence. The court stated that R.C. 2929.19 (B) (2) (d) sets forth the procedure that the trial court must follow when imposing a maximum term. Edmonson, supra. The trial court is required to set forth its reasons for imposing the maximum prison term as listed in R.C. 2929.14 (C). Id. at 328.
In the case sub judice, the trial court imposed the maximum sentence for both felonious assault and for failure to comply with an order or signal of a police officer. As to failure to comply with an order or signal of a police officer, the trial court did state for the record some of its concerns, however, the court did not specifically speak to the statutory language of R.C.2929.14 (C). The trial court made no findings at all as to the crime of felonious assault. Under Edmonson, supra, this court is required to reverse and remand for re-sentencing. Since reversal is required, the issue raised in the first assignment of error regarding of the imposition of consecutive sentences is moot.
The appellant's first assignment of error is well taken.
The appellant's second and third assignments of error:
 THE TRIAL COURT'S IMPOSITION OF SENTENCE UPON APPELLANT WITHOUT FIRST INFORMING APPELLANT THAT THE SENTENCES FOR MULTIPLE OFFENSES WOULD BE SERVED CONSECUTIVELY WAS CONTRARY TO OHIO LAW.
 THE TRIAL COURT' S STATEMENT THAT APPELLANT MOST LIKELY COMMITTED OTHER CRIMES FOR WHICH HE WAS NEVER PROSECUTED DEMONSTRATES AN ABUSE OF DISCRETION UNDER THE OHIO SENTENCING STATUTES AND THEREFORE THE SENTENCE IMPOSED IS CONTRARY TO LAW.
The appellant's second and third assignments of error are moot pursuant to App.R. 12.
Judgment reversed and remanded for re-sentencing.
This cause is reversed and remanded for re-sentencing.
It is, therefore, considered that said appellant(s) recover of said appellee(s) his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JOHN T. PATTON, P.J., and JAMES M. PORTER, J, CONCUR.